KRISTY WILCOX ET AL. *v.* DANIEL S. SCHWARTZ ET AL.
(AC 30682)

Flynn, C. J., and Gruendel and Stoughton, Js.

Argued December 10, 2009—officially released March 16, 2010

*Steven J. Errante*, with whom, on the brief, was *Marisa A. Bellair*, for the appellants (plaintiffs).

*Frank H. Santoro*, with whom, on the brief, was *Jonathan A. Kocienda*, for the appellees (defendants).

*Opinion*

FLYNN, C. J. In this medical malpractice case, the plaintiffs, Kristy Wilcox and Timothy Wilcox,[1] appeal

---

[1] For the purposes of this opinion, we refer to Kristy Wilcox and Timothy Wilcox collectively as the plaintiffs and to Kristy Wilcox individually as Wilcox.

from the judgment of the trial court dismissing their complaint against the defendants, Daniel S. Schwartz, a general surgeon, and CBS Surgical Group, P.C., on the ground that the written opinion accompanying the complaint was insufficiently detailed to meet the requirements of General Statutes § 52-190a (a).[2] On appeal, the plaintiffs claim that the court improperly dismissed the complaint because, despite the court's conclusion to the contrary, the written opinion contained sufficient detail to satisfy the statute. We agree with the plaintiffs and, therefore, reverse the judgment of the trial court.[3]

The plaintiffs' complaint alleged that on March 12, 2006, Wilcox underwent a laparoscopic cholecystectomy performed by Schwartz for treatment of gallbladder disease. The complaint further alleged that

---

[2] General Statutes § 52-190a (a) provides in relevant part: "No civil action or apportionment complaint shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action or apportionment complaint has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint, initial pleading or apportionment complaint shall contain a certificate of the attorney or party filing the action or apportionment complaint that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant or for an apportionment complaint against each named apportionment defendant. To show the existence of such good faith, the claimant or the claimant's attorney, and any apportionment complainant or the apportionment complainant's attorney, shall obtain a written and signed opinion of a similar health care provider, as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence *and includes a detailed basis for the formation of such opinion. . . .*" (Emphasis added.)

[3] The plaintiffs also claim on appeal that dismissal of a complaint for failure to include a sufficiently detailed medical opinion letter is neither authorized nor required by § 52-190a. Because we conclude that the plaintiffs' written opinion was sufficiently detailed for the purposes of the statute, we do not reach this claim.

Schwartz performed the procedure negligently, causing Wilcox to suffer "severe, painful and permanent injuries." The plaintiffs claimed that Schwartz breached the applicable standard of care in that he: (1) "failed to assure the adequate and accurate identification of [Wilcox's] internal anatomy prior to proceeding with the laparoscopic cholecystectomy," (2) "failed to prevent injury to [Wilcox's] biliary structures during the laparoscopic cholecystectomy" and (3) "failed to accurately document the surgical procedure . . . ."

On June 9, 2008, the plaintiffs commenced their action by service of process on the defendants.[4] The two count complaint stated claims sounding in medical negligence and loss of spousal consortium, respectively. Attached to the complaint was a certificate of reasonable inquiry, executed by the plaintiffs' attorney and a written and signed medical opinion. The body of the opinion states in its entirety: "I have reviewed the relevant records and information that were provided to me with regard to Kristy Wilcox.

"I can conclude that, to a reasonable degree of medical probability, there are deviations from the applicable standards of care pertaining to the care and treatment of Kristy Wilcox provided by Daniel S. Schwartz, M.D. and that the care and treatment provided by Daniel S. Schwartz, M.D. was not provided in a manner consistent with the standards of care that existed among general surgeons at the time of the alleged incident.

"Specifically Daniel S. Schwartz, M.D. failed to prevent injury to Kristy Wilcox's biliary structures during laparoscopic [gallbladder] surgery and failed to accurately document the surgical procedure of March 12, 2006. As a result of Dr. Schwartz's negligent treatment,

---

[4] The plaintiffs previously had filed, on March 4, 2008, a petition for a ninety day extension of the statute of limitations pursuant to § 52-190a (b). The court granted the petition.

Kristy Wilcox sustained severe, painful and permanent injuries.

"My opinions are based upon my education, training and experience as a physician, and my examination of Kristy Wilcox's medical records."

On August 6, 2008, the defendants filed a motion to dismiss the complaint. The ground for the motion was that the plaintiffs' written opinion was not detailed enough to satisfy the requirements of § 52-190a (a). Specifically, the defendants argued that "the opining physician simply provides a conclusory statement of negligence, and fails to provide an opinion as to *how* the defendants were negligent in their care of [Wilcox], i.e., *how* the defendants deviated from the standard of care." (Emphasis in original.) In a memorandum of decision filed December 29, 2008, the court granted the defendants' motion and dismissed the complaint pursuant to § 52-190a (c),[5] concluding that the written opinion lacked sufficient detail for the purposes of § 52-190a (a). This appeal followed.

We set forth initially our standard of review. "When the facts relevant to an issue are not in dispute, this court's task is limited to a determination of whether, on the basis of those facts, the trial court's conclusions of law are legally and logically correct." (Internal quotation marks omitted.) *Tellar* v. *Abbott Laboratories, Inc.*, 114 Conn. App. 244, 249, 969 A.2d 210 (2009). We afford plenary review to claims requiring statutory interpretation. *Southwick at Milford Condominium Assn., Inc.* v. *523 Wheelers Farm Road, Milford, LLC*, 294 Conn. 311, 318, 984 A.2d 676 (2009). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In

---

[5] General Statutes § 52-190a (c) provides: "The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action."

other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) Id., 318–19.

Our analysis begins with the pertinent language of the statute. Section 52-190a (a) provides in relevant part that the claimant in a medical malpractice action "shall obtain a written and signed opinion of a similar health care provider, as defined in [General Statutes §] 52-184c . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ." Enacted originally as part of the Tort Reform Act of 1986; see Public Acts 1986, No. 86-338, § 12; the purpose of § 52-190a is to "inhibit a plaintiff from bringing an inadequately investigated cause of action, whether in tort or in contract, claiming negligence by a health care provider." *Bruttomesso* v. *Northeastern Connecticut Sexual Assault Crisis Services, Inc.*, 242 Conn. 1, 15, 698 A.2d 795 (1997). The statute originally required a plaintiff to conduct "a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief

that there has been negligence in the care or treatment of the [plaintiff]" and to document this inquiry by filing a certificate "that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant." General Statutes (Rev. to 1987) § 52-190a (a). This certificate requirement, which remains in the current revision of the statute, "serves as an assurance to a defendant that a plaintiff has in fact made a reasonable precomplaint inquiry giving him a good faith belief in the defendant's negligence." *LeConche* v. *Elligers*, 215 Conn. 701, 711, 579 A.2d 1 (1990).

The requirement at issue in the present case—the written opinion—was introduced into the statute by amendment in 2005. See Public Acts 2005, No. 05-275, § 2 (a). Section 52-190a (a) now requires claimants, in order to "show the existence of . . . good faith," to obtain "a written and signed opinion of a similar health care provider, as defined in section 52-184c . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ." The failure to obtain and file the written opinion is grounds for the dismissal of the action. General Statutes § 52-190a (c).

Neither this court nor our Supreme Court has decided the precise question raised by the present case: whether a written opinion submitted by a claimant pursuant to § 52-190a (a) is sufficiently detailed for the purposes of the statute. However, in the recent case of *Dias* v. *Grady*, 292 Conn. 350, 972 A.2d 715 (2009), the Supreme Court considered the substantive requirements of the written opinion. In *Dias*, the defendants argued that because the written opinion required by § 52-190a (a) is to demonstrate that there appears to be evidence of medical negligence, the opinion must state that the defendant's breach of the standard of care caused the plaintiff's injuries, causation being an element of a

cause of action in negligence. Id., 353–54. After reviewing the history of the statute, the court concluded that "the phrase 'medical negligence,' as used in § 52-190a (a), means breach of the standard of care and was not intended to encompass all of the elements of a cause of action for negligence." Id., 359.

Following *Dias*, then, it is clear that in order to fulfill the requirement of § 52-190a (a) and to provide assurance that "there appears to be evidence of medical negligence," a claimant's written opinion from a similar health care provider need not address the issue of causation. Further, the opinion must indicate that there appears to be evidence of a breach of the standard of care. With this in mind, we turn to the opinion in the present case.

The opinion first states the author's conclusion, "to a reasonable degree of medical probability," that there were "deviations from the applicable standards of care" by Schwartz and that the care and treatment provided to Wilcox by Schwartz "was not provided in a manner consistent with the standards of care that existed among general surgeons at the time of the alleged incident." The opinion continues: "Specifically, Daniel S. Schwartz, M.D. failed to prevent injury to Kristy Wilcox's biliary structures during laparoscopic [gallbladder] surgery and failed to accurately document the surgical procedure of March 12, 2006." Thus, the structure of the document reveals the author's statement of the prevailing standard of care: protecting the biliary structures during laparoscopic gallbladder surgery. It is this standard of care, the author opines, that Schwartz breached in performing the surgery on Wilcox.

We believe the opinion is sufficiently detailed to satisfy the requirements of § 52-190a (a). It suffices to notify the reader that a similar health care provider is of the opinion that the medical negligence consisted of a

failure to protect Wilcox's bile ducts from injury during surgery. The purpose of the statute is to discourage frivolous lawsuits against health care providers. See *LeConche* v. *Elligers,* supra, 215 Conn. 710. One of the mechanisms introduced in the amendments to the statute of 2005 was the written opinion requirement. The ultimate purpose of this requirement is to demonstrate the existence of the claimant's good faith in bringing the complaint by having a witness, qualified under General Statutes § 52-184c, state in written form that there appears to be evidence of a breach of the applicable standard of care. So long as the good faith opinion sufficiently addresses the allegations of negligence pleaded in the complaint, as this opinion does, the basis of the opinion is detailed enough to satisfy the statute and the statute's purpose. The person rendering this opinion is not required by § 52-190a (a) to be the expert witness on medical negligence to be used at the time of trial by the plaintiff. Lack of such a statutory requirement that the good faith expert also be used at trial, evinces a legislative intent that the opinion's detail need not be as exhaustive as that of a trial expert on medical negligence disclosed under the provisions of Practice Book § 13-4 (b) (1) and (2).[6]

---

[6] Practice Book § 13-4 (b) provides in relevant part: "A party shall file with the court and serve upon counsel a disclosure of expert witnesses which identifies the name, address and employer of each person who may be called by that party to testify as an expert witness at trial, whether through live testimony or by deposition. In addition, the disclosure shall include the following information:

"(1) Except as provided in subdivision (2) of this subsection, the field of expertise and the subject matter on which the witness is expected to offer expert testimony; the expert opinions to which the witness is expected to testify, and the substance of the grounds for each such expert opinion. Disclosure of the information required under this subsection may be made by making reference in the disclosure to, and contemporaneously producing to all parties, a written report of the expert witness containing such information.

"(2) If the witness to be disclosed hereunder is a health care provider who rendered care or treatment to the plaintiff, and the opinions to be offered hereunder are based upon that provider's care or treatment, then

Here, the plaintiffs' opinion fulfills the purpose of the requirement. The complaint alleges only one specification of negligence pertaining to the actual performance of the surgery: that Schwartz "failed to prevent injury to [Wilcox's] biliary structures during the laparoscopic cholecystectomy." The defendants have been given sufficient notice that a similar health care provider[7] is willing to state his opinion that the standard of care was breached during this surgical procedure. The defendants will have the opportunity to gather more information during discovery of any medical expert the plaintiffs plan to use at trial.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

the disclosure obligations under this section may be satisfied by disclosure to the parties of the medical records and reports of such care or treatment. A witness disclosed under this subsection shall be permitted to offer expert opinion testimony at trial as to any opinion as to which fair notice is given in the disclosed medical records or reports. Expert testimony regarding any opinion as to which fair notice is not given in the disclosed medical records or reports shall not be permitted unless the opinion is disclosed in accordance with subdivision (1) of subsection (b) of this section."

[7] In their oral argument before this court, the defendants claimed that the written opinion also is insufficient because it does not contain any information about the author's qualifications as a similar health care provider. We decline to address this claim, as it was neither raised before nor addressed by the trial court and, therefore, is not properly at issue in the present appeal.