# STATE OF CONNECTICUT *v.* JASON CASIANO
## (AC 30587)

Flynn, C. J., and Beach and Robinson, Js.*

Argued March 23—officially released June 22, 2010

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Jason Casiano,* pro se, the appellant (defendant).

*Denise B. Smoker,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,*

state's attorney, and *James G. Clark*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BEACH, J. The self-represented defendant, Jason Casiano, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. The defendant claims that the court erred in (1) denying his motion to correct an illegal sentence and (2) declining to appoint appellate counsel. We disagree with the merits of the defendant's first claim and dismiss the second claim, as it is not properly before us.

The following facts and procedural history are relevant. "In 1995, the defendant was arrested and charged with felony murder, attempt to commit robbery in the first degree and conspiracy to commit robbery in the first degree. Following plea negotiations, and pursuant to General Statutes (Rev. to 1995) § 54-94a, the defendant entered a plea of nolo contendere to all three charges. The trial court, *Devlin, J.*, accepted the defendant's plea, which was conditioned on his right to appeal from the denial of his motion to suppress certain incriminating statements that he had made to the police prior to his arrest. In accordance with the plea agreement, the trial court sentenced the defendant to a total effective prison term of fifty years. On appeal, the Appellate Court rejected the defendant's challenge to the denial of his motion to suppress and affirmed the trial court's judgment. *State* v. *Casiano*, 55 Conn. App. 582, 591, 740 A.2d 435 (1999), cert. denied, 252 Conn. 942, 747 A.2d 518 (2000).

"Thereafter, the defendant, acting pro se, filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22. In his motion, the defendant alleged that his sentence had been imposed in violation of his state and federal constitutional rights because his plea

was not knowing and voluntary. Specifically, the defendant claimed that his trial counsel erroneously had advised him that he would serve no more than thirty-two and one-half years of his fifty year sentence. The trial court, *Fasano, J.*, denied the defendant's motion on the ground that the defendant's claim was not appropriate for a motion under [Practice Book] § 43-22.

"Subsequently, the public defender's office, on behalf of the defendant, filed a motion for waiver of fees and costs to appeal, and an application for the appointment of appellate counsel pursuant to Practice Book § 43-33.[1] The trial court granted the defendant's motion for waiver of fees and costs but denied his application for the appointment of appellate counsel. The defendant, acting pro se, appealed to the Appellate Court from the denial of his motion to correct an illegal sentence and from the denial of his application for the appointment of appellate counsel. The Appellate Court, sua sponte, dismissed that portion of the defendant's appeal challenging the trial court's denial of his application for the appointment of counsel. . . . Without reaching the merits of the defendant's motion to correct an illegal sentence, the Appellate Court remanded the case to the trial court with direction to appoint a special public defender for the limited purpose of filing a motion for review of the trial court's denial of the defendant's application for the appointment of counsel. . . . [T]he Appellate Court granted intervenor status to the office of the chief public defender 'for the purpose of filing an opposition to the motion for review . . . .' Thereafter, the defendant filed a motion for review challenging the denial of his application for the appointment of counsel, which [was] transferred from the Appellate

---

[1] Practice Book § 43-33 (a) provides in relevant part: "An indigent defendant who wishes to prosecute his or her appeal may apply to the court from which the appeal is taken for the appointment of counsel to prosecute the defendant's appeal . . . ."

Court to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1." *State* v. *Casiano*, 282 Conn. 614, 616–19, 922 A.2d 1065 (2007). The Supreme Court thereafter granted the defendant's motion for review, reversed the trial court's denial of the defendant's application for the appointment of counsel and remanded the case to the trial court with direction to grant the defendant's application for the appointment of counsel. Id., 628.

On March 13, 2008, the defendant filed a motion to reconsider the motion to correct his sentence, which the trial court denied, citing Practice Book § 39-26. Subsequently, on April 4, 2008, the defendant filed a motion to reargue that ruling. The court held a hearing on the defendant's motion to reargue on April 22, 2008. At that hearing, Katharine S. Goodbody, an attorney who had been appointed by the court to determine whether there was a sound basis for the defendant's motion to correct an illegal sentence, informed the court that she "found no sound basis" for the defendant's motion to correct. Relying on Goodbody's determination of the lack of a sound basis for the defendant's motion to correct, the court denied the defendant's motion to reargue and denied the appointment of appellate counsel. This appeal followed.

I

The defendant first claims that the court erred when it denied his motion to correct an illegal sentence.[2] We are not persuaded.

---

[2] The defendant also argues that it was improper for the court to deny his motion without first conducting an evidentiary hearing. "When issues of fact are necessary to the determination of a court's jurisdiction, [however] due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Gordon* v. *H.N.S. Management Co.*, 272 Conn. 81, 92, 861 A.2d 1160 (2004). With respect to a motion to correct, a court has jurisdiction to modify a sentence if the defendant's claim falls within the four categories of claims that the courts have recognized under Practice Book § 43-22. *State* v. *Koslik*, 116 Conn. App. 693, 698–99, 977 A.2d

We reiterate the following facts. Pursuant to Practice Book § 43-22, the defendant filed a motion to correct his sentence on the grounds that his trial counsel erroneously had advised him that he would serve no more than thirty-two and one-half years of his fifty year sentence. The court denied the defendant's motion on the ground that the defendant's claim was not appropriate for a motion under Practice Book § 43-22.

We first discuss the principles of subject matter jurisdiction that guide our resolution of the defendant's claim. "In the absence of statutory or constitutional provisions, the limits of [the trial court's] jurisdiction are delineated by the common law. . . . Although the [trial] court loses jurisdiction over the case when [a] defendant is committed to the custody of the commissioner of correction and begins serving [his] sentence . . . [Practice Book] § 43-22 embodies a common-law exception that permits the trial court to correct an illegal sentence or other illegal disposition. . . . Thus, if the defendant cannot demonstrate that his motion to correct falls within the purview of [Practice Book] § 43-22, the court lacks jurisdiction to entertain it. Furthermore, [o]ur standard of review governing an appeal from a judgment granting a motion to dismiss on the ground of lack of subject matter jurisdiction concerns a question of law and is plenary." (Citations omitted; internal quotation marks omitted.) *State* v. *Lewis*, 108 Conn. App. 486, 488, 948 A.2d 389 (2008).

Practice Book § 43-22 provides that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." "Practice Book rules do not

275, cert. denied, 293 Conn. 930, 980 A.2d 916 (2009). Under the circumstances of this case, an evidentiary hearing was not required because the court properly could determine whether it had subject matter jurisdiction based on the claims raised in the motion itself.

ordinarily define subject matter jurisdiction. General Statutes § 51-14 (a) authorizes the judges of the Superior Court to promulgate rules regulating pleading, practice and procedure in judicial proceedings . . . . Such rules shall not abridge, enlarge or modify any substantive right nor the jurisdiction of any of the courts. . . . Because the judiciary cannot confer jurisdiction on itself through its own rule-making power, [Practice Book] § 43-22 is limited by the common-law rule that a trial court may not modify a sentence if the sentence was valid and its execution has begun. . . . Therefore, for the trial court to have jurisdiction to consider the defendant's claim of an illegal sentence, the claim must fall into one of the categories of claims that, under the common law, the court has jurisdiction to review. . . . In accordance with [common law], Connecticut courts have considered four categories of claims pursuant to [Practice Book] § 43-22. The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable." (Citations omitted; internal quotation marks omitted.) *State* v. *Lawrence*, 281 Conn. 147, 155–57, 913 A.2d 428 (2007). "Accordingly, if a defendant's claim falls within one of these four categories the trial court has jurisdiction to modify a sentence after it has commenced. . . . If the claim is not within one of these categories, then the court must dismiss the claim for a lack of jurisdiction and not consider its merits." (Citation omitted.) *State* v. *Koslik*, 116 Conn. App. 693, 698–99, 977 A.2d 275, cert. denied, 293 Conn. 930, 980 A.2d 916 (2009).

## A

In the present case, the defendant argued in his motion to correct that his trial counsel erroneously had advised him regarding the time that he actually would serve in prison. He also made various arguments that the court acted improperly during its acceptance of the plea.[3] "In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the [proceedings] leading to the conviction, must be the subject of the attack." See *State* v. *Lawrence*, supra, 281 Conn. 158. The defendant's claim does not attack the validity of the sentence. Instead, it pertains to his trial attorney's effectiveness during plea negotiations and alleged flaws in the court's acceptance of the plea. As such, it does not fit within any of the four categories of claims recognized under Practice Book § 43-22. See *State* v. *Das*, 291 Conn. 356, 363 n.3, 968 A.2d 367 (2009) (Practice Book § 43-22 inapplicable to extent that defendant's claims are based on alleged flaws in court's acceptance of plea). Accordingly, the court was without jurisdiction to consider the merits of the defendant's motion to correct.

## B

We, sua sponte, note, however, that the court acted improperly in denying the motion to correct instead of dismissing it. See *Johnson* v. *Rell,* 119 Conn. App. 730, 736, 990 A.2d 354 (2010) (question of subject matter jurisdiction can be raised sua sponte by court). Because the claims contained in the defendant's motion do not

---

[3] To the extent that the defendant claims on appeal that the court should have granted his motion to correct because the state promised he would serve no more than thirty-two and one-half years and thereby breached the plea agreement, we decline to address such a claim because it was not presented to the trial court in his motion to correct. See *Wilcox* v. *Schwartz,* 119 Conn. App. 808, 817 n.7, 990 A.2d 366, cert. granted on other grounds, 296 Conn. 908, 993 A.2d 469 (2010).

fit within Practice Book § 43-22, the court lacked jurisdiction to consider the defendant's claim. Accordingly, the court should have dismissed the defendant's motion. See *State* v. *Francis*, 69 Conn. App. 378, 383–84, 793 A.2d 1224, cert. denied, 260 Conn. 935, 802 A.2d 88, cert. denied, 537 U.S. 1056, 123 S. Ct. 630, 154 L. Ed. 2d 536 (2002).

## II

The defendant next claims that the court erred in declining to appoint appellate counsel. He argues that "our Supreme Court clearly stated in [*State* v. *Casiano*, supra, 282 Conn. 614] that [he] was entitled . . . to appellate counsel for purposes of appealing the denial of his motion." He argues that the trial court's refusal to appoint counsel contradicts the Supreme Court's ruling in *State* v. *Casiano*, supra, 614. We are not persuaded.

In *State* v. *Casiano*, supra, 282 Conn. 619, the defendant claimed that General Statutes § 51-296 (a) afforded him the right to the assistance of counsel in connection with his appeal from the denial of his motion to correct an illegal sentence. He argued that a motion to correct an illegal sentence and his appeal from the denial of that motion fell within the purview of the term " 'any criminal action' " for purposes of § 51-296 (a). Id. The court then conducted a statutory analysis of § 51-296 (a). That subsection provides in relevant part that a court shall appoint counsel to represent an indigent criminal defendant " '[i]n any criminal action . . . .' " Id., 620. The court concluded that "a defendant has a right to the appointment of counsel for the purpose of determining whether a defendant who wishes to file such a motion has a sound basis for doing so. If appointed counsel determines that such a basis exists, the defendant also has the right to the assistance of such counsel for the purpose of preparing and filing

such a motion and, thereafter, for the purpose of any direct appeal from the denial of that motion." Id., 627–28. The rescript states: "The defendant's motion for review is granted, the trial court's denial of the defendant's application for the appointment of counsel is reversed and the case is remanded to that court with direction to grant the defendant's application for the appointment of counsel." Id., 628.

Practice Book § 63-7 provides that "[t]he sole remedy of any defendant desiring the court to review an order concerning the waiver of fees, costs and security or the appointment of counsel shall be by motion for review under Section 66-6."[4] The defendant already has sought and received appellate review of his claim through the proper procedures. On June 3, 2008, the defendant filed a motion for review of the trial court's April 22, 2008 decision. In that motion, he argued that the court improperly failed to follow the Supreme Court's remand order in *State* v. *Casiano*, supra, 282 Conn. 619, when it denied him appellate counsel. On July 1, 2008, the Supreme Court granted the defendant's motion for review and ordered the trial court to articulate its reasoning that there is no " 'sound basis' " for the defendant's motion. In response, the trial court articulated: "The defendant's motion in essence is a motion to withdraw his plea, which is time barred under Practice Book § 39-26 and not a motion to correct [an] illegal sentence." On August 27, 2008, the defendant filed a motion for further review and for an order compelling the court to comply with the remand order. On September 16, 2008, the Supreme Court, after reviewing the trial court's articulation, denied relief to the defendant on his June 3, 2008 motion for review. On that same date,

---

[4] Pursuant to Practice Book § 66-6, "[t]he court may, on written motion for review stating the grounds for the relief sought, modify or vacate any order made by the trial court . . . relating to . . . the procedure of prosecuting or defending against an appeal . . . ."

it also denied the August 27, 2008 motion for further review.

The defendant's further pursuit of review and remedy through appeal is inappropriate. Because Practice Book § 63-7 provides that the defendant's sole remedy for review of the court's order concerning the appointment of counsel is by motion for review, the defendant cannot properly raise this claim by way of a direct appeal or amended appeal. Additionally, the defendant already has sought and obtained review via the proper procedure of a motion for review. He cannot obtain further review of his claim on appeal. In *Burke* v. *Burke*, 94 Conn. App. 416, 420–21, 892 A.2d 964 (2006), we declined to review a party's claim regarding the trial court's decision on a motion for articulation where the sole remedy for review was by way of motion for review and where the party already had obtained review via the proper procedure. To review the defendant's claim would "be providing two appellate reviews of the same issue." (Internal quotation marks omitted.) *Santoro* v. *Santoro*, 33 Conn. App. 839, 842, 639 A.2d 1044 (1994); *State* v. *Holloway*, 22 Conn. App. 265, 275, 577 A.2d 1064, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990).

For the foregoing reasons, we dismiss the portion of the defendant's appeal pertaining to his claim that the court erred in declining to appoint appellate counsel.

The appeal is dismissed in part in accordance with the preceding paragraph. The form of the judgment is improper, the order denying the motion is reversed and the case is remanded with direction to dismiss the motion.

In this opinion the other judges concurred.