******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JAVIER R. MONGE
(AC 37699)

Gruendel, Beach and Sheldon, Js.*

*Argued March 3—officially released April 26, 2016*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Tindill, J. [judgments]; White, J.
[motion to vacate].)

*Glenn L. Formica*, for the appellant (defendant).

*Jacob Pezzulo*, certified legal intern, with whom were
*Harry Weller*, senior assistant state's attorney, and, on
the brief, *David I. Cohen*, former state's attorney, and
*Nancy Dolinsky*, senior assistant state's attorney, for
the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Javier R. Monge, appeals from the judgments of the trial court dismissing his postsentencing motion to vacate his guilty pleas and to open the judgments of conviction. The dispositive issue is whether the court properly concluded that it lacked jurisdiction to consider the merits of that motion. We answer that query in the affirmative and, accordingly, affirm the judgment of the trial court.

The following facts are relevant to this appeal. The defendant, who is not a citizen of the United States, was involved in two domestic altercations on June 16, 2013, and August 12, 2013. He thereafter was charged with various criminal offenses. Pursuant to a conditional plea agreement, the defendant, on November 12, 2013, pleaded guilty to risk of injury to a child in violation of General Statutes § 53-21, criminal violation of a protective order in violation of General Statutes § 53a-223, assault in the third degree in violation of General Statutes § 53a-61, criminal trespass in the first degree in violation of General Statutes § 53a-107, two counts of disorderly conduct in violation of General Statutes § 53a-182, and two counts of breach of the peace in the second degree in violation of General Statutes § 53a-181. In accordance with the terms of the plea agreement, the court at the plea hearing explained that if the defendant successfully completed (1) "the Evolve program," (2) an anger management program, and (3) substance abuse evaluation and treatment, and further cooperated with the Department of Children and Families through parenting classes and counseling without any further arrests, his pleas to the felony charges of risk of injury and criminal violation of a protective order would be vacated and he would receive a sentence of three years incarceration, execution suspended, with three years of probation on the remaining misdemeanor charges.

The defendant subsequently complied with those requirements and the court, on November 4, 2014, vacated his guilty pleas with respect to the risk of injury and criminal violation of a protective order charges. At that time, the court imposed a total effective sentence of three years incarceration, execution suspended, with three years of probation on the remaining charges.

More than one month after he was sentenced, the defendant moved to vacate his remaining guilty pleas and to open the judgments of conviction rendered by the court. On January 30, 2015, the defendant filed his "Amended Motion to Vacate Pleas and Reopen Pursuant to Connecticut Practice Book §§ 39-19, 39-27 (1)." In that motion, the defendant argued "that the plea was accepted without first determining that [he] fully understood the plea."[1]

The court held a hearing on the defendant's motion to vacate his pleas and to open the judgments of convic-

tion on February 9, 2015. At that hearing, the defendant acknowledged that the state had complied with the terms of his conditional pleas. The defendant also did not dispute that the court properly advised him of the immigration consequences of his pleas during the November 12, 2013 plea hearing.[2] Rather, the defendant argued that federal immigration law "changed substantially" after he entered his guilty pleas, thereby exposing him to the possibility of deportation as a result of those pleas. The defendant's counsel contended that "had [the defendant] known of a new federal guideline for deportation, which went into effect roughly two weeks after he was sentenced . . . we could have easily and would have likely structured this sentence to accommodate those new regulations and he would not . . . risk deportation as he does now." The defendant's counsel thus requested that the court "reconstruct" the defendant's sentence, opining that "given the totality of the interest of justice in this case the court should certainly give it its strongest consideration." In response, the state's attorney submitted that "to expect the state to undo plea bargain negotiations every time the federal law changes is, to say the least, insanity." At the conclusion of that hearing, the court dismissed the defendant's motion.

The defendant sought an articulation of that decision, which the court granted. In its April 8, 2015 articulation, the court stated in relevant part: "This court denied, or perhaps more properly stated, dismissed the defendant's [motion] because it had no jurisdiction to either hear or to grant it. . . . The defendant in this matter never made any claim or cited to any authority which would authorize this court to allow him to vacate his guilty pleas after he had been sentenced. This court, therefore, had no jurisdiction to permit the defendant to withdraw his guilty pleas." From that judgment, the defendant now appeals.

Although the defendant raises multiple claims in this appeal, the dispositive one is whether the court properly concluded that it lacked jurisdiction over his motion to vacate his pleas and to open the judgments of conviction.[3] A determination regarding the trial court's subject matter jurisdiction is a question of law over which our review is plenary. *State* v. *Alexander*, 269 Conn. 107, 112, 847 A.2d 970 (2004).

"The Superior Court is a constitutional court of general jurisdiction. In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law. . . . It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment before the sentence has been executed. . . . This is so because the court loses jurisdiction over the case when the defendant is committed to the custody of the commissioner of correction and begins serving

the sentence." (Internal quotation marks omitted.) *State v. Ramos*, 306 Conn. 125, 133–34, 49 A.3d 197 (2012). Practice Book § 39-26 likewise provides in relevant part that "[a] defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed."

Because it is well established that the jurisdiction of the trial court terminates once a defendant has been sentenced, a trial court "may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act." *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 37, 779 A.2d 80 (2001). Accordingly, "once a defendant's sentence is executed, the trial court lacks jurisdiction to entertain any claims regarding the validity of that plea in the absence of a statute or rule of practice to the contrary." *State* v. *Das*, 291 Conn. 356, 368, 968 A.2d 367 (2009).

The defendant has not identified any express authorization under which the court could have acted on his postsentencing motion to vacate his pleas and to open the judgments of conviction. That motion was brought pursuant to Practice Book §§ 39-19 and 39-27 (1), which permit the withdrawal of pleas, after they have been accepted but before the conclusion of the sentencing proceeding, that are not made in a knowing and voluntary manner. See Practice Book § 39-26. The appellate courts of this state consistently have rejected postsentencing motions to vacate guilty pleas predicated on that ground. See *State* v. *Dyous*, 307 Conn. 299, 334–35, 53 A.3d 153 (2012) (trial court lacked jurisdiction after sentencing to entertain "the defendant's due process claim" that his plea "was not knowing, intelligent and voluntary"); *State* v. *Das*, supra, 291 Conn. 368–70 (trial court lacked jurisdiction to act on postsentencing motion to vacate plea that allegedly was not knowing and voluntary); *State* v. *Reid*, 277 Conn. 764, 776, 894 A.2d 963 (2006) ("the trial court lacked jurisdiction to hear and determine the defendant's motion to withdraw" plea on ground that it was not knowing, intelligent and voluntary); *State* v. *Edge*, 150 Conn. App. 383, 386, 90 A.3d 381 (adhering to "bedrock principle" that trial court lacks jurisdiction after sentencing to entertain due process claim that plea was not knowing, intelligent and voluntary), cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014). The defendant has provided no authority to the contrary.

The defendant nonetheless suggests that, despite the nomenclature employed, his January 30, 2015 "Amended Motion to Vacate Pleas and Reopen Pursuant to Connecticut Practice Book §§ 39-19, 39-27 (1)," which alleged that his pleas were not knowing and voluntary, was actually a motion to correct an illegal sentence pursuant to Practice Book § 43-22. For two reasons, we disagree. First, such a claim was not raised before the court in either the motion itself or the Febru-

ary 9, 2015 hearing thereon. Second, that claim is improper under Connecticut law. In *State* v. *Casiano*, 122 Conn. App. 61, 63–64, 998 A.2d 792, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010), the defendant filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22, in which he "alleged that his sentence had been imposed in violation of his state and federal constitutional rights because his plea was not knowing and voluntary." (Internal quotation marks omitted.) This court concluded that the trial court lacked jurisdiction to consider such a motion, stating: "In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the [proceedings] leading to the conviction, must be the subject of the attack. . . . The defendant's claim does not attack the validity of the sentence. Instead, it pertains to . . . alleged flaws in the court's acceptance of the plea. As such, it does not fit within any of the four categories of claims recognized under Practice Book § 43-22. . . . Accordingly, the court was without jurisdiction to consider the merits of the defendant's motion to correct." (Citations omitted; internal quotation marks omitted.) Id., 68. That precedent compels a similar conclusion in the present case.

In light of the foregoing, we concur with the court's determination that it lacked jurisdiction to consider the merits of the defendant's postsentencing motion to vacate his pleas and to open the judgments of conviction. The court, therefore, properly dismissed that motion.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] In his motion to vacate his pleas and to open the judgments of conviction, the defendant also maintained that his pleas to the breach of the peace charges were "procedurally and substantively defective" because they were entered before the physical filing of a substitute information by the state. That contention requires little discussion. Apart from being barred by the court's lack of jurisdiction thereover; see *State* v. *Das*, 291 Conn. 356, 368–70, 968 A.2d 367 (2009) (jurisdiction of trial court terminates upon execution of defendant's sentence and no "constitutional violation exception" to that precept exists); the defendant's claim suffers a further infirmity. During the plea hearing, the state's attorney averred as follows: "Madam clerk, the state will be filing a substitute information. Your Honor, I indicated to the court and counsel that I would be filing a substitute information on each file, adding an additional count of breach of peace in the second degree. . . . I will do that forthwith. But if I may put him to plea again to those two additional charges?" The court granted that request without any objection by the defendant. The defendant then proceeded to plead guilty to those charges, thereby acquiescing in being put to plea on those two misdemeanor charges. See *State* v. *Dukes*, 29 Conn. App. 409, 420, 616 A.2d 800 (1992) ("[b]ecause the defendant permitted the filing of the amended information without objection and acquiesced in the proceedings, it necessarily follows that the prophylactic purpose of the rule to require adequate notice has been fulfilled"), cert. denied, 224 Conn. 928, 619 A.2d 851 (1993).

[2] During its canvass, the court apprised the defendant that "[w]ith this conviction, if you're not a United States citizen, it may result in deportation, exclusion from readmission, or denial of naturalization." When the court then inquired as to whether he understood that admonition, the defendant

answered, "[y]es."

<sup>3</sup> At oral argument before this court, the defendant's counsel argued that "the state court doesn't have the knowledge, background, or even the perspective to understand . . . [that] certain pleas, certain plea colloquies, certain details that are contained in a mittimus can subject you to consequences well beyond the understanding of the defense attorney." That contention has no bearing on the jurisdictional issue before us.

―――――――――――――――――――