******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## STATE OF CONNECTICUT *v.* DELROY MCPHERSON
### (AC 37872)

Alvord, Mullins and Sullivan, Js.

*Argued September 15—officially released October 18, 2016*

(Appeal from Superior Court, judicial district of Hartford, geographical area number twelve, Prescott, J. [judgment]; Baldini, J. [motion to correct illegal sentence].)

*Justin R. Clark*, for the appellant (defendant).

*Toni M. Smith-Rosario*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Adam B. Scott*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Delroy McPherson, appeals from the judgment of the trial court dismissing, for lack of subject matter jurisdiction, his motion to correct an illegal sentence. On appeal, the defendant claims that the court erred in dismissing his motion, in which he alleged that his criminal trial attorney had provided ineffective assistance of counsel by failing to advise him properly regarding the immigration consequences of entering guilty pleas to two separate counts of larceny in the sixth degree in violation of General Statutes § 53a-125b. We conclude that the court properly dismissed the defendant's motion for lack of subject matter jurisdiction.

This case is controlled by *State* v. *Casiano*, 122 Conn. App. 61, 68, 998 A.2d 792 (holding that court did not have jurisdiction over motion to correct illegal sentence when defendant challenged validity of his guilty plea on ground that trial counsel gave erroneous advice prior to entry of such plea), cert. denied, 298 Conn. 931, 5 A.3d 491 (2010). In *Casiano*, we explained: "In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the [proceedings] leading to the conviction, must be the subject of the attack. . . . The defendant's claim does not attack the validity of the sentence. Instead, it pertains to . . . alleged flaws in the court's acceptance of the plea. As such, it does not fit within any of the four categories of claims recognized under Practice Book § 43-22." (Citation omitted; internal quotation marks omitted.) Id.; see also *State* v. *Monge*, 165 Conn. App. 36, 43, 138 A.3d 450 (discussing *Casiano*), cert. denied, 321 Conn. 924, 138 A.3d 284 (2016); Practice Book § 43-22 ("[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner"). Accordingly, the court properly dismissed the defendant's motion to correct an illegal sentence because the defendant sought to attack the validity of his guilty pleas, via a claim of ineffective assistance of trial counsel, rather than attacking the legality of the sentencing proceeding or the sentence itself.

The judgment is affirmed.