### ERNEST SANTORO v. NELLIE SANTORO
### (13001)

DUPONT, C. J., LAVERY, LANDAU and SCHALLER, Js.

Considered March 3—decision released March 29, 1994

---

*Charles E. Tiernan III* and *Mary Beattie Schairer,* in support of the motion.

*Vito A. Castignoli,* in opposition to the motion.

PER CURIAM. The defendant, Nellie Santoro, has filed an amended appeal from the trial court's order granting the motion by the plaintiff, Ernest Santoro, to terminate the automatic stay. The dispositive issue is whether the defendant can properly appeal from the trial court's order granting the plaintiff's motion to terminate the stay. We conclude that Practice Book § 4049[1] requires that the amended appeal be dismissed.[2]

The facts of this case are not in dispute. The trial court dissolved the parties' marriage on October 19, 1993, and ordered the defendant to vacate the family residence within forty-five days. On November 5, 1993, the defendant filed an appeal, asserting that the trial court improperly granted the plaintiff possession of the family residence. The filing of the appeal stayed the execution of the order requiring her to vacate the residence. Practice Book § 4046.[3] On December 6, 1993, the plaintiff filed a motion to terminate the stay pursuant to § 4046. After a hearing, the trial court granted the plaintiff's motion on December 21, 1993, and

---

[1] Practice Book § 4049 provides in pertinent part: "The sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review under Sec. 4053. . . ."

[2] The defendant's amended appeal and the plaintiff's motion to dismiss relate only to the termination of the stay. Our dismissal of the amended appeal has no effect on the defendant's initial appeal.

[3] Practice Book § 4046 provides in pertinent part: "In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired . . . A motion to terminate the stay of execution may be filed before judgment . . . ."

ordered termination of the stay on December 30, 1993, at 5 p.m. In response, the defendant filed a motion for review of the order with this court. This court granted review but denied the relief requested on February 16, 1994.

The defendant filed an amended appeal on January 10, 1994, claiming that the trial court improperly granted the plaintiff's motion to terminate the stay. On January 20, 1994, the plaintiff filed a motion to dismiss the amended appeal, arguing that a party cannot directly appeal from an order regarding a stay.

"Issues regarding a stay of execution cannot be raised on direct appeal. 'The sole remedy of any party desiring . . . [review of] . . . an order concerning a stay of execution shall be by motion for review under [Practice Book] Sec. 4053.' " *Scarsdale National Bank & Trust Co.* v. *Schmitz,* 24 Conn. App. 230, 233 n.5, 587 A.2d 164 (1991), quoting Practice Book § 4049; see also *Mulholland* v. *Mulholland,* 31 Conn. App. 214, 219 n.4, 624 A.2d 379, cert. granted, 227 Conn. 905, 632 A.2d 693 (1993); *In re Clifton B.,* 15 Conn. App. 367, 368 n.1, 544 A.2d 666 (1988).

Because Practice Book § 4049 provides that the defendant's sole remedy for review of a stay order is by way of a motion for review under Practice Book § 4053,[4] the defendant cannot properly raise this claim by way of a direct appeal or amended appeal. In the present case, this court has already considered whether the trial court improperly granted the plaintiff's motion to terminate the stay when we considered the defendant's motion for review under § 4053.

---

[4] Practice Book § 4053 provides in pertinent part: "The court may, on written motion for review stating the grounds for the relief sought, modify or vacate . . . any order made by the trial court concerning a stay of execution on appeal. . . ."

In *State* v. *Holloway*, 22 Conn. App. 265, 577 A.2d 1064, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990), we declined to consider a claim that the trial court improperly denied the defendant's motion for articulation on the basis that the defendant's argument had already been reviewed by this court in connection with the defendant's motion for review filed pursuant to Practice Book § 4054.[5] We compared Practice Book §§ 4049 and 4054, and concluded that "[t]o hold otherwise would mean that a defendant, having unsuccessfully sought review by this court of a trial court's ruling on a motion for articulation, could thereafter present the same issue to this court on the merits of the appeal. We would then be providing two appellate reviews of the same issue." Id., 275. In this case, if we permitted the defendant to raise this issue again in her amended appeal, we would "be providing two appellate reviews of the same issue."

The plaintiff's motion to dismiss the defendant's amended appeal is granted.

---

[5] Practice Book § 4054 provides in pertinent part: "Any party aggrieved by the action of the trial judge as regards rectification of the appeal or articulation under Sec. 4051 may . . . make a written motion for review to the court . . . ."