[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14864
A habeas corpus trial was held on October 5, 1998, on an amended Petition for Writ of Habeas Corpus filed on January 6, 1998, by the petitioner, Ronnie Cotton. He claims Public Defender, Donald Dakers, rendered ineffective assistance of counsel at trial. The trial resulted in verdicts of guilty being found by a jury on November 29, 1995, in New Haven Superior Court (Hadden, J.) to the crimes of Sexual Assault in the First Degree (C.G.S. 53a-70) and Risk of Injury to a Minor (C.G.S. 53-21). On January 5, 1996, he received a jail sentence of twenty years on the Sexual Assault First count and ten years on the Risk of Injury count, those sentences to run consecutively, for a total effective sentence of thirty years.
The right of a criminal defendant to effective assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article First, Section Eight of the Connecticut Constitution.
At the habeas trial, the petitioner, Ronnie Cotton, and Attorney Donald Dakers, were the only witnesses who testified. The petitioner testified that he asked his counsel to investigate four witnesses, Anne Elwell, and three police officers, Detectives Pontoon and Burke, and Lt. Commander Odell of the New Haven Police Department who he claims would have been good defense witnesses at trial. The court believed the testimony of Attorney Dakers that he had no recollection of his being told by the petitioner of Ann Elwell nor did he find any mention of her in his trial notes. It is his practice to locate and interview any prospective witness brought to his attention by a criminal defendant. He did recall that Mr. Cotton wanted him to call the three New Haven police officers as character witnesses. He rejected this suggestion because once the issue of good character was raised, the State would be entitled to introduce his prior criminal record and other detrimental and negative information before the jury.
The testimony of this four year old female victim was videotaped and given outside the presence of the jury. He now claims he was not present in the room in which she testified and unable to communicate with counsel during direct or in the cross-examination. Attorney Dakers testified and the court found it credible and probative that it is his practice to review the CT Page 14865 victim's testimony with a defendant and decide what questions to ask the victim on cross-examination. He followed this same procedure at this trial. See State v. Cotton, 45 Conn. App. 923
(1997).
The petitioner also testified he asked attorney Dakers to obtain information regarding psychiatric treatment of the victim and DCF records pertaining to the victim and her family, believing that information would be used at trial in his defense. There is no evidence of the existence of any psychiatric records of the victim. Attorney Dakers testified that the only records were of some counseling the victim received at the Charles Beers Clinic after the incident with Mr. Cotton. Those records and the direct and cross-examination of the counselor from the Beers clinic were part of the trial. There was no evidence that any other psychiatric records of the victim ever existed.
Attorney Dakers testified the defense Mr. Cotton intended to present was that this victim imagined the incident had occurred and that the jury would not find her testimony believable. The petitioner claims counsel failed to have the victim evaluated for competency or called an expert to testify as to why under these circumstances a child such as this victim would imagine the incident and report it. The strategy he used was to cross-examine the counselor who testified for the State. Attorney Dakers admitted that the petitioner advised him of other witnesses who should be investigated and considered as favorable witnesses. He did not pursue them because he believed they were character witnesses and would not help him in defending these criminal charges.
The United States Supreme Court "uniformly has been guided by the proposition that the writ should be available to afford relief to those `persons whom society has grievously wronged' in light or modern concepts of justice." Kuhlmann v. Wilson,477 U.S. 436, 447 (1986). "To mount a successful collateral attack on his conviction a prisoner must demonstrate a miscarriage of justice of other prejudice and not merely an error which might entitle him to relief on appeal." Hill v. United States,368 U.S. 424, 428, reh. denied, 369 U.S. 808 (1962). To achieve the desired relief, the petitioner must show the results of an unreliable conviction. Bunkley v. Commissioner of Corrections,222 Conn. 444, 461 (1992). He must show to a "reasonable probability" that counsel's deficient performance likely prejudiced his defense, depriving him of a reliable and fair CT Page 14866 trial. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). Under Strickland, supra, [a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington, supra, 687.
This court finds Mr. Dakers to have extensive and broad experience in representing criminal defendants over the past thirty-five years. He has served for about sixteen years in the New Haven office as a Public Defender, and was Chief Public Defender for over ten years. He then became Director of New Haven Legal Assistance Services which he primarily handled Part A criminal cases for a number of years. He presently represents defendants in criminal cases for this agency on a part-time basis.
The Connecticut Supreme Court in Miller v. Commissioner,242 Conn. 745 (1997) resolved the question left open in Summervillev. Warden, 229 Conn. 397, 422 (1994), "what is the legal standard [of persuasion] that must be met by a habeas corpus petitioner claiming actual innocence in order to gain a new trial at which his guilt or innocence will again be determined?" The court concluded the proper standard is twofold. First, the petitioner must establish by clear and convincing evidence that, taking into account both the evidence adduced at the original trial and the habeas trial, he is innocent of the crime. Second, the petitioner must establish that, after considering all of that evidence and the inferences drawn therefrom, no reasonable fact-finder would find the petitioner guilty of the crime.
In conclusion in a habeas corpus petition, the burden of proof is on the defendant to establish the two-prong test required under Strickland, supra. In this case, the petitioner has failed to meet that burden and has not proven either prong ofStrickland, supra. In addition, he failed to call any of the witnesses to this habeas hearing that he requested be called to testify at his trial or that their testimony at trial would have been favorable to him. Andrews v. Commissioner of Corrections, CT Page 1486745 Conn. App. 242 (1997).
The petitioner's claim is without merit and his Petition for Writ of Habeas Corpus is denied.
Petroni, J.