[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14468
On February 25, 1992, the petitioner was arrested for the crimes of possession of narcotics, in violation of General Statutes § 21-279(a) and failure to appear, in violation of General Statutes § 53a-172 ("the drug charge"). On April 15, 1993, he pleaded guilty to these crimes before the Superior Court for the judicial district of Waterbury. On May 27, 1993 the petitioner was sentenced by the court to concurrent terms of three years on each count.
During the pendency of the drug charge, the petitioner was arrested for the crimes of assault in the first degree (two counts), in violation of General Statutes §§ 53a-8, 53a-59(a)(1), criminal attempt to commit assault in the first degree, in violation of General Statutes §§ 53a-8, 53a-49, 53a-59(a)(1), and conspiracy to commit assault in the first degree, in violation of General Statutes §§ 53a-48, 53a-59(a)(1). The petitioner moved to suppress evidence obtained from telephone conversations electronically intercepted. That motion was denied by the court (Fracasse, J.). On September 6, 1994, four days after the petitioner was discharged from his sentence on the drug charge, he entered conditional pleas of nolo contendere on these new charges. An aspect of this plea agreement was that the petitioner would serve 17 years on these charges, with no time suspended. Throughout those the pendency of those charges, including through the canvass of the plea agreement, the petitioner was represented by Attorney Mark Kostecki.
The condition of the plea on the new charges was that the petitioner could appeal the denial of his motion to suppress. That he did, unsuccessfully. See State v. Vincente,44 Conn. App. 249, 688 A.2d 359 (1997). The petitioner was then sentenced by the court (Damiani, J.) to the agreed-upon 17 years.
The petitioner has brought this petition for a writ of habeas corpus claiming ineffective assistance of counsel. The petitioner claims that he was induced by Attorney Kostecki to enter pleas of nolo contendere based on the understanding that the sentence of 17 years would be concurrent with the sentence of three years he was "then serving" on the drug charge. As the case evolved at trial, the petitioner's claim became that, in effect, he should have been given credit for all the time served on the drug charge against the 17 years to be served on the assault charges. CT Page 14469
A habeas corpus petitioner seeking to establish ineffective assistance of counsel must prove deficient performance and prejudice resulting therefrom. Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 455, 610 A.2d 598 (1992) "A court, however, need not determine the deficiency of counsel's performance if consideration of the prejudice requirement will be dispositive of the ineffectiveness claim." Andrews v.Commissioner of Correction, 45 Conn. App. 242, 247, 695 A.2d 20, cert. denied, 242 Conn. 910, 697 A.2d 364 (1997). Here, "[i]n order to prevail, the petitioner was required to prove that his counsel made a misrepresentation to him which constituted ineffective assistance of counsel, and that the misrepresentation was a significant factor in triggering his [pleas of nolo contendere]." Ventura v. Lopes, 10 Conn. App. 546, 554,524 A.2d 662, cert. denied, 204 Conn. 808, 528 A.2d 1155 (1987). This the petitioner was required to prove by a fair preponderance of the evidence. Johnson v. Zerbst, 304 U.S. 458, 469 (1938). He has not done so.
Preliminarily, it is abundantly clear that there, in fact, was never any agreement between the petitioner and the state that his 17 year sentence would run concurrently with the three year sentence on the drug charge. This is manifested by the testimony of virtually all witnesses (including Attorney Kostecki) as well as by the Assistant State's Attorney's file, and the canvasses of the petitioner.
As for what the petitioner was given to believe by Attorney Kostecki, the petitioner's evidence is incredible. That Kostecki would tell the petitioner that he could deduct the time already served on his drug charge from the 17 years he was about to serve on his assault charges, or that the petitioner would understand that that is what Kostecki said, is unbelievable. The court finds that Kostecki probably did tell the petitioner that his 17 year sentence would run concurrently with any time remaining on his three year sentence for the drug charge. This was neither inaccurate nor prejudicial. It was simply inapposite by the timethe petitioner's conditional nolo contendere plea agreement wasput on the record. He had been discharged from custody on the drug charge four days earlier.
While it may be that Kostecki should have examined the records to determine how much time was remaining to be served by the petitioner on the drug charge, his failure to do so did not prejudice the petitioner. CT Page 14470
The petitioner simply has not proven the allegations of his petition. The writ of habeas corpus is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court