NORTHLAND TWO PILLARS, LLC, ET AL. *v.* HARRY GRODSKY AND COMPANY, INC.

NORTHLAND TWO PILLARS, LLC, ET AL. *v.* KONE, INC.

NORTHLAND TWO PILLARS, LLC, ET AL. *v.* TURNER CONSTRUCTION COMPANY
(AC 31160)

Robinson, Alvord and Pellegrino, Js.

Argued October 28, 2011—officially released January 24, 2012

*Jared Cohane,* for the appellants (plaintiffs).

*Benjamin M. Wattenmaker,* with whom, on the brief, was *John M. Wolfson,* for the appellee (defendant Harry Grodsky & Co., Inc.).

*Martin A. Clayman,* with whom, on the brief, was *Michael Hafkin,* for the appellee (defendant Kone, Inc.).

*Edwin L. Doernberger,* for the appellee (defendant Turner Construction Company).

*Opinion*

PER CURIAM. The plaintiffs, Northland Two Pillars, LLC, Northland Trumbull Block, LLC, and Northland Tower Block, LLC, appeal from the judgments of the trial court denying their applications, in three cases, to

discharge three mechanic's liens filed by the defendants, Harry Grodsky & Co., Inc., Kone, Inc., and Turner Construction Company. The plaintiffs claim that the court improperly determined that they had abandoned that portion of their applications seeking, as alternative relief, a reduction in the amount of those liens. We agree and reverse in part the judgments of the trial court.

The following facts and procedural history are taken from the record and the decision of the trial court. The defendants, a general contractor and two subcontractors, were involved in the construction of the residential tower built over the Hartford Civic Center on Trumbull Street in Hartford. A dispute arose as to moneys owed on the project, and each defendant filed a mechanic's lien against the plaintiff Northland Two Pillars, LLC. On November 10, 2008, Northland Two Pillars, LLC, filed three separate applications in Superior Court seeking to discharge the liens[1] or, in the alternative, to reduce the amount of those liens. Northland Trumbull Block, LLC, and Northland Tower Block, LLC, subsequently were added as plaintiffs at the direction and by order of the court. On January 14 and 15, 2009, the court held a consolidated hearing on the three applications.

On the first day of the hearing, before any evidence had been submitted, the plaintiffs' counsel represented to the court that the parties had reached an agreement to bifurcate the proceedings. He stated that all counsel had agreed that the hearing before the court would be limited to the issue of whether the liens should be

---

[1] Northland Two Pillars, LLC, claimed that the mechanic's liens should be discharged because it was not the fee owner of the liened premises nor did it have any property rights in the premises. It claimed that it had assigned all of its interests in the premises to Northland Trumbull Block, LLC, and Northland Tower Block, LLC. At the direction of the trial court, Northland Trumbull Block, LLC, and Northland Tower Block, LLC, moved to intervene as plaintiffs in all three actions, and the court granted those motions in February, 2009. The three cases were consolidated for purposes of the hearing on the plaintiffs' applications.

discharged. If the court concluded that the liens were valid, then an additional hearing would be scheduled to determine whether the amount of the liens was excessive. At the conclusion of the two day hearing, the court requested posthearing briefs from all parties. On May 28, 2009, the court issued its memorandum of decision, in which it concluded that the mechanic's liens were valid and rendered judgments denying the plaintiffs' applications to discharge the mechanic's liens.[2] In footnote 1 of its decision, the trial court stated: "Plaintiff's application actually was titled, 'Application for Discharge or, in the alternative, Reduction of Mechanic's Lien.' However, only the application for Discharge was heard and briefed by the parties so the application for Reduction is deemed abandoned." This appeal followed.[3]

The plaintiffs claim that they neither waived nor abandoned their right to seek the alternative relief requested in their applications, i.e., the court's reduction of the amounts claimed in the defendants' mechanic's liens. "Waiver is the intentional relinquishment or abandonment of a known right or privilege. . . . Waiver does not have to be express, but may consist of acts or

---

[2] The plaintiffs do not challenge the court's determination that the mechanic's liens were valid in this appeal.

[3] On February 8, 2011, Turner Construction Company filed a motion to dismiss the plaintiffs' appeal with this court, arguing that the appeal was moot because, subsequent to the filing of this appeal, it had signed an agreement with the plaintiffs to arbitrate all claims. The plaintiffs filed an opposition to the motion to dismiss on February 17, 2011. This court denied the motion to dismiss on March 30, 2011.

In its brief on appeal, Turner Construction Company again raises the issue of mootness and claims that this court lacks jurisdiction to hear the appeal. In previously denying the motion to dismiss, this court already has reviewed the claims in that motion to dismiss, and we will not review the same issues again. See *Greci* v. *Parks*, 117 Conn. App. 658, 666, 980 A.2d 948 (2009); *Santoro* v. *Santoro*, 33 Conn. App. 839, 841–42, 639 A.2d 1044 (1994). Contrary to the argument of Turner Construction Company, we have subject matter jurisdiction and will review the claim of the plaintiffs.

conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Internal quotation marks omitted.) *Wiele* v. *Board of Assessment Appeals*, 119 Conn. App. 544, 549, 988 A.2d 889 (2010). "[B]ecause waiver [is a question] of fact . . . we will not disturb the trial court's [finding] unless [it is] clearly erroneous." (Internal quotation marks omitted.) *Banks Building Co., LLC* v. *Malanga Family Real Estate Holding, LLC*, 102 Conn. App. 231, 239, 926 A.2d 1 (2007).

The record does not contain any evidence that the plaintiffs waived or abandoned their claim for the reduction of the mechanic's liens. To the contrary, counsel for the plaintiffs made it clear at the beginning of the hearing that the parties, at a prior pretrial conference, agreed to bifurcate the proceedings. The transcript reveals that all parties were operating under the assumption that the court would first determine whether the liens were valid and then, if the court determined that they were valid, the value of those liens would be determined at a subsequent proceeding.[4] Additionally, the posthearing briefs filed by Harry Grodsky &

---

[4] On the first day of the hearing, the parties' counsel made the following representations:

"[The Plaintiffs' Counsel]: Based on counsel's discussions earlier on with Judge Graham, it was decided, and I believe agreed upon, between the various counsel that it made sense to consolidate these three actions, for the purposes of this discharge hearing, because, at least preliminarily, all three actions raise the identical issue.

"In addition to consolidating the Turner, Grodsky, and Kone matters, I believe there was also an agreement with Judge Graham and counsel that the proceedings would be bifurcated, in the sense that today's hearing would be limited to whether the liens ought to be discharged.

"Then and only if the court refused to discharge the liens, would we have a subsequent hearing on the amount of the liens.

\* \* \*

"[Counsel for Harry Grodsky & Co., Inc.]: If I may, Your Honor, the statute again provides that the—normally, in a case, the lienor would go first, to prove his lien.

"However, in this case, we've agreed that the details regarding each party's lien are going to weighed—are going to be delayed until a later hearing. . . .

Co., Inc., and Kone, Inc., both contain the following language: "Northland Two Pillars LLC's Application [to] Discharge and/or Reduce [Mechanic's Lien] should be denied, subject to further proceedings to establish the debt, the commencement date and the last day of performing services and/or delivering materials." Furthermore, at oral argument before this court, counsel for the defendants conceded that the parties reached an agreement before Judge James Graham that the matter should be bifurcated. Accordingly, the trial court's finding that the plaintiffs abandoned their claim for a reduction of the mechanic's liens was clearly erroneous.

Nevertheless, the defendants argue that the trial court's judgments should be affirmed because (1) the plaintiffs failed to file a motion for articulation seeking an explanation for the trial court's determination of abandonment, thereby failing to provide this court with an adequate record to review their claim on appeal and (2) the court's ruling is harmless because the plaintiffs will have the opportunity to present evidence in support of reducing the value of the mechanic's liens at the time the defendants proceed with the foreclosure of those liens. We are not persuaded.

A motion for articulation was not necessary under the circumstances of this case. "[A]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the

* * *

"[Counsel for Turner Construction Company]: We're not asking [the plaintiffs] to prove today the magnitude of the lien, because that's been bifurcated and that's been pushed to another day. But they do need to establish the other statutory prerequisites; specifically, what is specifically in dispute today is whether their lien is valid . . . ."

issues on appeal." (Internal quotation marks omitted.) *Misthopoulos* v. *Misthopoulos*, 297 Conn. 358, 379, 999 A.2d 721 (2010). Here, the court very clearly stated that it deemed the applications for a reduction of the amount of the liens to have been abandoned because "only the application for [d]ischarge was heard and briefed by the parties . . . ." We have the court's factual basis for its determination; there is no ambiguity and no clarification is necessary.

Further, the court's ruling was not harmless. General Statutes § 49-35a provides a procedure for seeking the discharge or the reduction of a mechanic's lien. General Statutes § 49-35b (b) (3) authorizes a court to reduce the amount of a mechanic's lien if the amount is found to be excessive by clear and convincing evidence. General Statutes § 49-35c provides that any such order entered pursuant to § 49-35b (b) shall be deemed a final judgment for purposes of appeal. There also is a statutory mechanism for discharging or reducing the amount of the lien by posting a bond. See General Statutes § 49-35b (b) (4). To conclude, as argued by the defendants, that the error of the trial court in this matter was harmless would thwart the purpose of those statutory provisions.

The judgments are reversed in part and the case is remanded for consideration of the plaintiffs' claims for reduction of the mechanic's liens. The judgments are affirmed in all other respects.