******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# SARAH PITTU ET AL. *v.* BUGAJ CONTRACTORS COMPANY, LLC
## (AC 47215)

Moll, Suarez and Seeley, Js.

### *Syllabus*

The defendant contractor appealed from the judgment of the trial court discharging a mechanic's lien that the defendant had placed on certain real property owned by the plaintiffs. The defendant claimed that the court improperly shifted the burden of proof to the defendant by requiring it to prove that it did not breach a contract entered into between the parties, rather than requiring it to prove only that there was probable cause to sustain its lien. *Held*:

This court concluded that, although the trial court articulated the correct burdens of proof delineated in the statute (§ 49-35b) governing the hearing on the plaintiffs' application for the discharge of the mechanic's lien, the trial court's determinations rested on legally erroneous grounds, as the trial court incorrectly determined that its finding that the defendant had breached the parties' contract precluded the defendant from establishing a valid mechanic's lien, because, even though the defendant had not substantially performed under the parties' contract, the defendant could properly rely on the contract price, and the invoices and change orders submitted therewith, to demonstrate the value of its materials and services for the purposes of establishing that there was probable cause to sustain the lien.

Argued January 13—officially released July 29, 2025

### *Procedural History*

Application to reduce or discharge a mechanic's lien on certain real property owned by the plaintiffs, brought to the Superior Court in the judicial district of Fairfield and tried to the court, *Hon. Barry K. Stevens*, judge trial referee; judgment granting the application, from which the defendant appealed to this court. *Reversed*; *further proceedings*.

*Sabato P. Fiano*, for the appellant (defendant).

*Anthony J. Musto*, for the appellees (plaintiffs).

*Opinion*

SUAREZ, J. The defendant, Bugaj Contractors Company, LLC, appeals from the judgment of the trial court discharging a mechanic's lien that it had placed on certain real property owned by the plaintiffs, Sarah Pittu and Raul Herrera. The defendant claims that the court improperly (1) shifted the burden of proof to the defendant at the hearing held pursuant to General Statutes § 49-35a on the plaintiffs' application to discharge the mechanic's lien by requiring it to prove that it did not breach a contract entered into between the parties, rather than requiring it to prove only that there was probable cause to sustain its lien, (2) found, "presumably by clear and convincing evidence," that the defendant breached the contract between the parties, and (3) concluded that the mechanic's lien was premised entirely on the contract and, therefore, failed to sustain the lien on the basis of applicable principles of restitution and/or unjust enrichment.[1] (Emphasis omitted.) In support of its first claim, the defendant argues that it was not obligated to prove a breach of contract claim at the hearing. We agree that the trial court incorrectly determined that its finding that the defendant breached the parties' contract precluded the defendant from establishing a valid mechanic's lien and, accordingly, we reverse the judgment of the court and remand the case for further proceedings.

The following facts, as found by the court or as undisputed in the record, and procedural history are relevant to this appeal. "In a contract dated December 23, 2020, the plaintiffs retained the defendant to perform home improvement renovations [(project)] on [their] property [located at 222 High Ridge Road in Fairfield (property)]. Pursuant to the contract, the total cost of the project

---

[1] For ease of discussion, we address the claims in a different order than they were presented in the defendant's principal appellate brief.

was $662,050 (plus any approved change orders). The evidence indicates that the plaintiffs paid $502,961.41 to the defendant and another $9843.35 to third parties for work under the contract or relating to it.[2] . . .

"The work was scheduled to begin on January 4, 2021, and was to be substantially completed by August 15, 2021. The contract provide[s] that time was not of the essence. The contract further provide[s] that a [t]emporary certificate of occupancy shall be deemed substantial completion." (Citations omitted; footnote added; internal quotation marks omitted.) The project was not substantially completed by August 15, 2021, or by the last time the defendant worked at the property near the end of June, 2022. No temporary certificate of occupancy had been obtained by the time the defendant stopped work at the property.

In September, 2022, the defendant filed a mechanic's lien on the property, which indicated that its filing was "in accordance with a certain contract between it and the [plaintiffs]" and was "for just services rendered and/ or materials furnished" during the project. The plaintiffs subsequently filed an application to reduce or discharge the mechanic's lien, alleging that there was no probable cause to sustain the validity of the lien and/or that the amount of the lien was excessive. The defendant filed an objection thereto.

On May 19 and June 30, 2023, the court, *Hon. Barry K. Stevens*, judge trial referee, held a hearing on the plaintiffs' application. Over the course of this hearing, the court received documentary evidence, which included

---

[2] At the court's request, the parties filed a stipulation summarizing the amount that the defendant claimed it was owed, which totaled $237,407.24, and the plaintiffs' position as to the maximum possible lien amount, which totaled $144,805.24. Specifically, the plaintiffs disputed three invoices for "[e]xtras [c]laimed" by the defendant. The stipulation indicated that its filing did not constitute an admission by the plaintiffs that any amount was due.

the parties' contract, certain invoices, and the certificate of mechanic's lien, and heard testimony from Pittu and Grzegorz Bugaj, the sole member of the defendant.[3] At the hearing, Pittu testified that the defendant delayed work, failed to respond to communications from the plaintiffs, and damaged and/or failed to repair items in the home and that, eventually, the relationship became contentious. Pittu testified that the defendant stopped work on the project in June, 2022. Bugaj testified to the contrary that he "did not stop working on the property. I wasn't allowed to work on the property [after June, 2022] and, no, I was not allowed to continue work or [to] obtain the certificate of occupancy." Pittu denied that either she or Herrera had prevented the defendant from working on the project. In particular, Pittu testified that, in July, 2022, she had told Bugaj that he could return to the property after her daughter's birthday and that she would "get back to him after." "After the work stopped (and before the filing of the mechanic's lien), the parties engaged in discussions about the defendant resuming work under the contract, but these discussions were unsuccessful."

After the conclusion of the hearing, the parties filed simultaneous posttrial hearing briefs and reply briefs. The plaintiffs argued therein that (1) the defendant did not establish probable cause to sustain the validity of its lien, and (2) they had established that the lien was invalid by clear and convincing evidence because the defendant failed to substantially perform under the contract and because it provided "no other basis" to support its lien. The defendant argued that it provided "clear, definitive, and specific evidence as to the amount

[3] The court heard this case together with *Pittu* v. *T&J Custom Woodworking, LLC*, Superior Court, judicial district of Fairfield, Docket No. CV-22-6118478-S (October 23, 2023), which concerned the plaintiffs' application to discharge a mechanic's lien filed by a subcontractor that had performed work on the project. The cases were not consolidated, however, and T&J Custom Woodworking, LLC, has not appeared or participated in this appeal.

of contract work that it completed at the property, versus the amount that it was paid by the plaintiffs.''

On December 12, 2023, the court issued a ruling granting the plaintiffs' application to discharge the mechanic's lien. The court found that the defendant breached the parties' contract by abandoning the project without explanation at the end of June, 2022. The court explicitly credited Pittu's testimony that the defendant had ceased working on the project without reason and discredited Bugaj's contrary testimony. The court stated that the defendant's ''mechanic's lien claim is premised entirely on the contract.'' The court noted that a party's breach of contract does not necessarily prevent recovery in restitution but, nevertheless, found that the defendant was not entitled to equitable relief, inter alia, in light of its finding that ''[t]he defendant has provided no credible evidence explaining why it stopped work on the project.'' For those reasons, the court concluded ''that the defendant has failed to establish probable cause to sustain the validity of its lien and that the plaintiffs have established by clear and convincing evidence that the lien should be discharged.'' This appeal followed.[4] Additional facts will be set forth as necessary.

On appeal, the defendant claims, inter alia, that the trial court improperly shifted the burden of proof by requiring it to prove a breach of contract claim at a proceeding in which it was statutorily required to prove only that there was probable cause that its mechanic's

---

[4] Pursuant to General Statutes § 49-35c (a), an order granting an application to discharge a mechanic's lien is a final judgment for purposes of appeal. On February 13, 2024, the court approved the parties' joint stipulation for an appellate stay of the effect of the court's discharge order, pending the disposition of this appeal. The parties further stipulated that the statute of limitations by which the defendant may bring any action to foreclose on its mechanic's lien shall be tolled until sixty days after the disposition of this appeal, including the expiration of any appellate stay.

lien was valid. Specifically, the defendant argues that, although the court appeared to have required the defendant to have "affirmatively raised and disproved" that it did not breach its contract with the plaintiffs when it ceased work on the project, the defendant had no obligation to prove a breach of contract claim at the hearing on the plaintiffs' application. The plaintiffs counter that "nothing in the . . . court's decision states that the defendant was required to prove anything regarding a breach of contract." We conclude that the court improperly applied the law in grounding its determinations that (1) the defendant failed to establish probable cause that the lien was valid and (2) the plaintiffs established by clear and convincing evidence that the lien was not valid on its finding that the defendant breached the parties' contract.[5]

We first set forth the standard of review and relevant legal principles. The issue of whether the court held the parties to the proper standard of proof is a question of law that we review de novo. See, e.g., *Downing* v.

---

[5] Our holding with respect to this claim is also dispositive of the defendant's second and third claims. With respect to the defendant's claim that the court improperly found, "presumably by clear and convincing evidence"; (emphasis omitted); that it breached the parties' contract, we need not determine whether this finding was clearly erroneous because even assuming, without deciding, that the defendant breached the contract, a breaching party may still assert a valid lien, for the reasons stated in this opinion.

For the same reason, we need not separately address the defendant's claim that the court improperly declined to sustain the lien under theories of restitution and/or unjust enrichment. Although the court stated that the defendant had not made a restitution claim, it nevertheless addressed that issue and found that the defendant was not entitled to equitable relief. In so doing, the court reasoned that it may "evaluate the reasons for and the circumstances surrounding the breach of contract and may consider whether the breach was nonwilful. The defendant has provided no credible evidence explaining why it stopped work on the project." As we explain subsequently in this opinion, whether the defendant intentionally breached the parties' contract, and whether that breach precluded it from recovering restitution damages, are not dispositive of whether the defendant presented a valid lien at a hearing pursuant to General Statutes § 49-35b.

*Dragone*, 216 Conn. App. 306, 330, 285 A.3d 59 (2022), cert. denied, 346 Conn. 903, 287 A.3d 601 (2023). In the absence of a contrary indication, "we must presume that the court applied the correct legal standard." (Internal quotation marks omitted.) *In re Eric M.*, 217 Conn. App. 809, 837, 290 A.3d 411, cert. denied, 346 Conn. 921, 291 A.3d 1040 (2023). Our review of the trial court's ultimate determinations that (1) the defendant did not establish probable cause that the lien was valid, and (2) the plaintiffs established the invalidity of the lien by clear and convincing evidence, however, are subject to the clearly erroneous standard of review. See *36 DeForest Avenue, LLC* v. *Creadore*, 99 Conn. App. 690, 695, 915 A.2d 916, cert. denied, 282 Conn. 905, 920 A.2d 311 (2007); see also *Kaplan* v. *Scheer*, 182 Conn. App. 488, 501, 190 A.3d 31, cert. denied, 330 Conn. 913, 193 A.3d 49 (2018).

The determination of whether the trial court's decision is clearly erroneous "involves a two part function: [when] the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. That is the standard and scope of this court's judicial review of decisions of the trial court. Beyond that, we will not go. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Pro-Build East, LLC* v. *Poffenberger*, 136 Conn. App. 184,

187–88, 45 A.3d 654 (2012). "Our deferential standard of review, however, does not extend to the court's interpretation of and application of the law to the facts. It is axiomatic that a matter of law is entitled to plenary review on appeal." (Internal quotation marks omitted.) *Princess Q. H.* v. *Robert H.*, 150 Conn. App. 105, 112, 89 A.3d 896 (2014).

To the extent that the defendant's claim requires us to apply the relevant statutes governing mechanic's liens, our review is plenary. See, e.g., *E & M Custom Homes, LLC* v. *Negron*, 140 Conn. App. 92, 103, 59 A.3d 262 (2013), appeal dismissed, 314 Conn. 519, 102 A.3d 707 (2014); *36 DeForest Avenue, LLC* v. *Creadore*, supra, 99 Conn. App. 699–700. A mechanic's lien is a creature of statute. See *Newtown Associates* v. *Northeast Structures, Inc.*, 15 Conn. App. 633, 636, 546 A.2d 310 (1988). General Statutes § 49-33 (a) provides in relevant part: "If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land, and the claim is by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected or has been erected or has been moved, or by consent of the owner of the lot being improved or by consent of the owner of the plot of land being improved or subdivided . . . then the plot of land, is subject to the payment of the claim." Section 49-33 (b) further provides in relevant part that "[t]he claim is a lien on the land, building and appurtenances or lot or in the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then on the plot of land . . . ."

A mechanic's lien is not valid "unless the person performing the services or furnishing the materials (1)

. . . lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land, (A) describing the premises, the amount claimed as a lien thereon . . . and the date of the commencement of the performance of services or furnishing of materials, (B) stating that the amount claimed is justly due . . . .” General Statutes § 49-34.

The procedures governing applications to discharge or reduce a mechanic's lien are also governed by statute. Section 49-35a (a) provides in relevant part: “Whenever one or more mechanics' liens are placed upon any real estate pursuant to sections 49-33, 49-34, 49-35 and 49-38, the owner of the real estate, if no action to foreclose the lien is then pending before any court, may make application . . . that a hearing or hearings be held to determine whether the lien or liens should be discharged or reduced. . . .” Upon the hearing held on such an application, “the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. Any person entitled to notice under section 49-35a may appear, be heard and prove by clear and convincing evidence that the validity of the lien should not be sustained or the amount of the lien claimed is excessive and should be reduced.” General Statutes § 49-35b (a).

After the hearing, “the court or judge may: (1) Deny the application or motion if probable cause to sustain the validity of the lien is established; or (2) order the lien discharged if (A) probable cause to sustain its validity is not established, or (B) by clear and convincing evidence its invalidity is established; or (3) reduce the amount of the lien if the amount is found to be excessive by clear and convincing evidence; or (4) order the lien discharged or reduce the amount of the lien conditioned upon the posting of a bond, with surety, in a sum deemed sufficient by the judge to indemnify the lienor

for any damage which may occur by the discharge or the reduction of amount." General Statutes § 49-35b (b).

"The standard of proof applicable in proceedings to discharge mechanic's liens is a modest one. For a lien to be upheld, a lienor must establish only that there is probable cause to sustain the validity of the lien. Proof of probable cause is not as demanding as proof by a fair preponderance of the evidence. . . . It is important to remember that the [lienor] does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." (Citation omitted; footnote omitted; internal quotation marks omitted.) *36 DeForest Avenue, LLC* v. *Creadore*, supra, 99 Conn. App. 694–95. Once probable cause has been established, the party applying for a discharge of the lien must establish by clear and convincing evidence that the lien is invalid. See *Rutka* v. *Meriden*, 145 Conn. App. 202, 210, 75 A.3d 722 (2013).

"In conducting our review, we also must remain cognizant of the remedial purpose of our mechanic's lien statutes, i.e., to give one who furnishes materials or services the security of the building and land for the payment of his claim by making such claim a lien thereon . . . and the oft-stated directive that those provisions should be liberally construed in order to implement [that] remedial purpose . . . ." (Citation omitted; internal quotation marks omitted.) *36 DeForest Avenue, LLC* v. *Creadore*, supra, 99 Conn. App. 695.

In the present case, the court articulated the correct burdens of proof delineated in § 49-35b and applied

them to the facts in concluding that the defendant did not establish probable cause that its lien was valid and that the plaintiffs established by clear and convincing evidence that the lien was *not* valid. Thus, "in the absence of a contrary indication, we must presume that the court applied the correct legal standard." (Internal quotation marks omitted.) *In re Eric M.*, supra, 217 Conn. App. 837.

Although we presume the court applied the correct legal standard, for the reasons that follow, we conclude that the court incorrectly determined that its finding that the defendant breached the parties' contract conclusively precluded it from asserting a valid mechanic's lien. Thus, we agree with the defendant that it "had no obligation to prove [a] breach of contract claim at the hearing." (Emphasis omitted.) Therefore, we conclude that the court's determinations that (1) the defendant did not establish probable cause as to the validity of the lien and (2) the plaintiffs established the lien's invalidity by clear and convincing evidence rested on legally erroneous grounds. The court stated that the defendant's mechanic's lien claim was "premised entirely on the contract." The court noted the defendant's argument that its calculation of the "amount owed under the contract [was] correct and accurate and [that] proof of substantial performance [was] unnecessary for this calculation." The court rejected that contention, concluding that the "fallacy" of the defendant's argument lay in its breach of the parties' contract. Thus, the court concluded that its determination that the defendant breached the contract definitively established that the lien was not valid.[6]

---

[6] We disagree with the plaintiffs' arguments that the defendant should have filed a motion for articulation and/or to reargue if it believed that the court (1) overlooked a basis supporting the validity of the lien other than the contract or (2) improperly applied the burden of proof. The court sufficiently articulated its rationale in determining whether the defendant's lien was valid under the burden shifting scheme pursuant to § 49-35b. The fact that the defendant challenges the court's determination that its lien was not

The issue before the court was whether the defendant had established probable cause that the lien it placed on the property was valid and, if so, whether the plaintiffs established the lien's invalidity by clear and convincing evidence. A lienor may establish the validity of a mechanic's lien by introducing evidence of its performance of services and/or furnishing of materials in support of their "claim . . . by virtue of an agreement with or by consent of the owner of the land . . . ." General Statutes § 49-33; see also, e.g., *Ceci Bros., Inc.* v. *Five Twenty-One Corp.*, 51 Conn. App. 773, 777, 724 A.2d 541 (1999) ("[p]ursuant to . . . § 49-33 (a), the persons entitled to file a mechanic's lien are those who have furnished materials or rendered services in connection with the construction . . . or repairs of any building . . . or in the improvement of any lot" (internal quotation marks omitted)).

"[I]n a foreclosure of a mechanic's lien, a contractor is entitled to the value of the materials that it furnished or the services that it rendered in the construction of a project. . . . [T]he substantial performance doctrine is *not* the only method available for ascertaining that value. The reasonable value of the materials and services can be proven by: (1) providing evidence that the contract price represents the value of a contractor's materials and services . . . (2) demonstrating the contractor substantially performed such that the contract

valid because it breached the contract does not necessarily mean that the court overlooked a relevant principle of law. The defendant, therefore, was not required to file a motion to reargue or for articulation. "[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts." (Internal quotation marks omitted.) *Jaser* v. *Jaser*, 37 Conn. App. 194, 202, 655 A.2d 790 (1995); see also, e.g., *Northland Two Pillars, LLC* v. *Harry Grodsky & Co.*, 133 Conn. App. 226, 231, 35 A.3d 333 (2012) ("[a]n articulation is appropriate [when] the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification" (internal quotation marks omitted)).

is the proper valuation of its materials and services
. . . or (3) submitting evidence of the cost to complete
the work." (Citations omitted; emphasis added; internal
quotation marks omitted.) *Absolute Plumbing & Heat-
ing, LLC* v. *Edelman*, 146 Conn. App. 383, 396–97, 77
A.3d 889 (*Absolute Plumbing*), cert. denied, 310 Conn.
960, 82 A.3d 628 (2013).

The court found, and the defendant has not disputed
on appeal, that there was no substantial performance
in the present case. The contract provides that a "[t]em-
porary certificate of occupancy shall be deemed sub-
stantial completion . . . ." It is undisputed that the
defendant did not obtain the certificate of occupancy
before it stopped working on the project and that the
contract was not fully performed. Whether the defen-
dant substantially performed, although relevant under
the framework outlined in *Absolute Plumbing*, was not
dispositive of the lien's validity. Even if we assume
without deciding that the court's finding that the defen-
dant intentionally abandoned the project was not
clearly erroneous, the defendant could still properly
rely on the contract price, and the invoices and change
orders submitted therewith, to demonstrate the "value
of [its] materials and services . . . ." (Internal quota-
tion marks omitted.) *Absolute Plumbing & Heating,
LLC* v. *Edelman*, supra, 146 Conn. App. 396–97.[7] Thus,
we reject the plaintiffs' argument that "[o]nly when the
contract is substantially performed can the contract
price be used as the value of the lien." We stated
unequivocally to the contrary in *Absolute Plumbing*
that substantial performance is *not* the only method
available to establish the value of a contractor's materi-
als or services. See *Absolute Plumbing & Heating, LLC*

---

[7] We note that the defendant has not argued that it submitted any evidence
of the cost to complete the work, which could have been another avenue
to demonstrate the lien's validity. See *Absolute Plumbing & Heating, LLC*
v. *Edelman*, supra, 146 Conn. App. 396–97.

v. *Edelman*, supra, 396–97; see also, e.g., *Pero Building Co.* v. *Smith*, 6 Conn. App. 180, 185, 504 A.2d 524 (1986) ("[t]he right to a mechanic's lien is not a contractual right, rather it is a statutory right available to secure, as well as to enforce, payment for materials and labor rendered"). Accordingly, the court incorrectly concluded that the defendant's breach of the parties' contract conclusively precluded it from establishing a valid mechanic's lien.

*Negron* is also instructive to our analysis. In that case, this court affirmed the trial court's calculation of a mechanic's lien filed by the plaintiff contractor. See *E & M Custom Homes, LLC* v. *Negron*, supra, 140 Conn. App. 94. The trial court found, and this court affirmed, that the plaintiff in that case did not substantially perform under the parties' contract. Id., 105–106. In fact, the trial court in *Negron* found that the defendant property owners were entitled to recover damages on their counterclaim, which asserted violations of the New Home Construction Contractors Act, General Statutes § 20-417a et seq., and the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. Id., 96–97. The plaintiff claimed that the trial court improperly referred to the parties' construction loan budget, rather than to the contract, in determining the lien amount. Id., 102. We disagreed, noting that "[t]he purpose of the [mechanic's lien] statute is to give a contractor security for labor and material. . . . If the materials are not furnished, and the work is not done, in the construction, raising, removal, or repairs of a building, there can be no lien. . . . Prior precedent from [our Supreme Court has] concluded that the statute was not intended to provide a security interest for a builder's expectation of profit or other contract measure of damages." (Citation omitted; internal quotation marks omitted.) Id., 104. In *Negron*, the plaintiff "did not provide evidence that the contract price represented the value

of its materials and services"; rather, we concluded that the evidence supported the court's conclusion that the balance due on the contract was profit, not the value of the plaintiff's materials and services. Id., 105. Accordingly, this court affirmed the trial court's conclusion that the value of the contractor's materials furnished and services rendered should be based on the construction budget. Id., 106; see also, e.g., *Dreambuilders Construction, Inc.* v. *Diamond*, 121 Conn. App. 554, 562 and n.4, 997 A.2d 553 (2010) (trial court's finding as to value of services rendered and materials furnished was not clearly erroneous because evidence showed that amount of claimed mechanic's lien, although based on "contract price less the amount paid," was not reflection of builder's expectation of profit or other contractual measure of damages (internal quotation marks omitted)).

This court in *Negron*, however, did not conclude that the lack of substantial performance precluded the contractor from asserting *any* lien amount. Rather, we stated that, in such a case, the lien may be sustained on the value of the services and/or materials rendered. See *E & M Custom Homes, LLC* v. *Negron*, supra, 140 Conn. App. 105–106; cf., e.g., *Intercity Development, LLC* v. *Andrade*, 96 Conn. App. 608, 613–14, 901 A.2d 731 (2006) (plaintiff could not sustain mechanic's lien in reliance on contract price when it did not offer proof of reasonable value of work done and materials furnished), rev'd in part on other grounds, 286 Conn. 177, 942 A.2d 1028 (2008).

In the present case, by contrast, the court incorrectly concluded that the defendant was not entitled to any lien amount on the basis of its breach of the parties' contract, without considering whether the contract price and invoices presented represented the value of the defendant's services. At the hearing, the defendant submitted a copy of the lien, the facial validity of which

was not disputed, as well as the contract between the parties, invoices and change orders. Bugaj testified regarding the work that the defendant performed and as to the invoices that reflected that work. The plaintiffs disputed the lien amount before the trial court in the parties' written stipulation and in their posthearing reply brief. See footnote 2 of this opinion. On appeal, the plaintiffs argue that the defendant did not offer evidence of the value of its services rendered. The defendant counters that it offered such evidence through its invoices, change orders, and Bugaj's testimony.

The court stated that the defendant "insists that, before leaving the project, it provided services and materials under the contract for approximately $237,407, for which it was not paid . . . ." Because the court concluded that the defendant's breach of contract precluded it from recovering *any* lien amount, however, it did not make any findings as to the value of the defendant's services, or as to whether the contract price accurately reflected the value of services rendered, as opposed to the defendant's expectation of profit or other contract measure of damages. As stated previously, the court incorrectly concluded that the defendant's breach was dispositive of whether the lien was valid. Accordingly, the case must be remanded for a new hearing pursuant to § 49-35a in accordance with this opinion.[8]

---

[8] Because the trial court did not make any factual findings as to the proper lien amount, and because it is improper for an appellate court to make its own factual findings; see, e.g., *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 349–50, 304 A.3d 431 (2023); we do not address for the first time on appeal what the proper lien amount should be, if any, or whether the lien amount claimed by the defendant should be reduced in light of any payments already made by the plaintiffs pursuant to § 49-35b (b) (3). See, e.g., *ProBuild East, LLC* v. *Poffenberger*, supra, 136 Conn. App. 192 (lien amount may be diminished by "bona fide payments . . . made by the owner . . . before receiving notice of [the mechanic's] lien" (internal quotation marks omitted)).

It bears reemphasis that "the burden of proof at a probable cause hearing is a low one, and the court in evaluating the evidence must weigh both factual and legal probabilities. . . . [A] probable cause hearing is not a full-scale trial on the merits and the defendant did not have to establish that [it] ultimately will prevail, only that there is probable cause to sustain the validity of the claim." (Citation omitted.) *36 DeForest Avenue, LLC* v. *Creadore*, supra, 99 Conn. App. 698. For the foregoing reasons, the court incorrectly concluded that the mechanic's lien filed by the defendant was not valid in light of its finding that the defendant intentionally breached the parties' contract.

The judgment granting the application to discharge the mechanic's lien is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.